UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY a/s/o AMERICA FUJIKURA, LTD., | CASE NO. 2:25-cv-00756-JNW |
| Plaintiff, | ORDER |
| v. | |
| BNSF RAILWAY COMPANY, MGA TRUCKING LLC, MGA TRUCKING, LLC, and NEW FIT ENTERPRISES INC., | |
| Defendants. | |

## 1.  INTRODUCTION

Plaintiff Continental Insurance Company ("Continental"), as subrogee of America Fujikura Ltd. ("AFL"), brings claims against Defendant BNSF Railway Company ("BNSF") for negligence, breach of contract, and violation of the Carmack Amendment, 49 U.S.C. § 11706. Dkt. No. 5. AFL purchased telecommunications equipment (the "Cargo") that traveled by sea from Shanghai, China to the Port of Seattle, Washington, arriving on April 16, 2023. Dkt. No. 5 ¶¶ 3.1–3.2. At Seattle, the Cargo was tendered to MGA Trucking LLC ("MGA") for inland carriage to

ORDER - 1

Duncan, South Carolina. *Id.* ¶ 3.3. MGA transferred the Cargo to New Fit Enterprises Inc. ("New Fit"), which subcontracted the rail segment—Seattle to Chicago—to BNSF, intending to complete the carriage to South Carolina itself. *Id.* ¶¶ 3.4–3.5. During the rail transit, the BNSF train carrying the Cargo derailed near Desoto, Wisconsin, destroying the Cargo. *Id.* ¶¶ 3.6–3.7. AFL's loss totaled $141,799.08; Continental paid that amount under its policy and became subrogated to AFL's rights. *Id.* ¶¶ 3.9–3.10.

BNSF moves under Rule 12(b)(6) to dismiss all claims against it, arguing that the Carmack Amendment preempts the common-law claims, and that Continental is not entitled to recover under the governing bill of lading. Dkt. No. 10.

Having considered the motion, Dkt. No. 10, the opposition, Dkt. No. 18, the reply, Dkt. No. 21, the supporting declarations and exhibits, and the amended complaint, Dkt. No. 5, the Court GRANTS in part and DENIES in part Defendant's motion.

## 2.  LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion if it pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Iqbal*, 556 U.S. at 678 (citations omitted). "Where a complaint pleads facts that are 'merely

ORDER - 2

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

### 3. DISCUSSION

**3.1   Continental's common-law claims are preempted by the Carmack Amendment.**

BNSF argues that Continental's common-law claims are preempted by the Carmack Amendment. Dkt. No. 10. "The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008); *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964) ("[T]he liability of a carrier for damage to an interstate shipment is a matter of federal law controlled by federal statutes and decisions"). Continental's negligence and breach of contract claims arise out of the same loss as its Carmack claim, Dkt.

ORDER - 3

No. 5 at ¶¶ 6.1–6.6, and are thus preempted. Continental does not oppose dismissal of these claims. Dkt. No. 18; *see* LCR 7(b)(2) (failure to oppose a motion may be considered by the court as an admission that the motion has merit).

The Court GRANTS BNSF's motion to dismiss Continental's common-law claims.

### 3.2    Continental has standing to bring a Carmack Amendment claim against BNSF.

BNSF argues that Continental lacks standing to bring a Carmack Amendment claim because neither Continental nor its insured are identified on the Bill of Lading. Dkt. No. 10 at 8–10; Dkt. No. 5-2. The bill of lading is a contract between the carrier and the shipper. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 954 (9th Cir. 2008). The Carmack Amendment makes a rail carrier liable to the person entitled to recover under the bill of lading. 49 U.S.C. § 11706(a). To identify that person, courts look to the bill of lading and apply ordinary principles of contract interpretation. *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1097–98 (9th Cir. 2011). Where a bill of lading defines the class entitled to recover broadly, an owner who is not named may still fall within that class. In *OneBeacon*, the owner of lost goods could sue although it was "not referenced by name in the bill of lading," because the contract defined "Shipper" to include any "party having an interest in the shipment" and the owner had such an interest. *Id.* at 1096–99. Notably, the broad definition there appeared in the defendant carrier's own bill of lading.

ORDER - 4

Here, the Bill of Lading does not state who may sue.[1] Dkt. No. 5-2. It identifies "MGA Trucking LLC" as the "carrier," "The D/C Group C/O PT" as the "shipper," and "AFL Telecommunications LLC" as the consignee. Dkt. No. 5-2. So on its face, the Bill of Lading identifies neither Continental nor AFL. Dkt. No. 10 at 9. But the Bill of Lading also provides that it governs "each party at any time interested in" the Cargo. Dkt. No. 5-2. As the alleged owner of the Cargo, AFL is plausibly a "party . . . interested" in the shipment. Construing that language and all inferences in Continental's favor, as the Court must at this stage, the amended complaint plausibly pleads that AFL—and thus Continental as its subrogee—falls within the class entitled to recover. *OneBeacon Ins. Co.*, 634 F.3d at 1098–99.

Whether the "each party . . . interested" clause defines who may recover, or instead only identifies who is bound by the bill's terms, is a matter the present record does not settle. The Court does not now construe these terms for or against either party; it holds only that, on this pleading, Continental has stated a plausible claim of entitlement to recover under the Carmack Amendment.

### 3.3 BNSF's suit restriction does not bar the claim at this stage.

BNSF also relies on the BNSF Rules in support of its standing argument. It contends that the Rules permit only the rail "Shipper" to sue BNSF for cargo loss, and that the incorporated rail records identify New Fit—not AFL—as that Shipper. Dkt. No. 10 at 9–10. Continental answers that AFL never agreed to the Rules and

---

[1] The trucking bill of lading is attached to the Complaint as an exhibit. Exhibits attached to the complaint are part of the pleading and may be considered on a Rule 12(b)(6) motion. Fed. R. Civ. P. 10(c).

ORDER - 5

that no agency relationship bound it to New Fit's agreement with BNSF. Dkt. No. 18 at 4–5. In reply, BNSF invokes the limited-agency rule of *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 33–34 (2004), and *Great Northern Railway Co. v. O'Connor*, 232 U.S. 508 (1914)—an intermediary entrusted with goods can bind the owner to the liability limits it negotiates with a downstream carrier, even without the usual signs of agency. Dkt. No. 21 at 4–6. BNSF is right that the absence of ordinary agency does not, by itself, free AFL from the Rules. But the Rules still do not require dismissal now, for two reasons.

First, the suit restriction is a defense, not a pleading requirement. A rule limiting who may sue is an "alternative term" departing from Carmack's default rule, *see* 49 U.S.C. § 10502(e), and operates as an affirmative defense. A plaintiff need not plead around such a defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and a court may dismiss on it only when it is clear from the face of the complaint, *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018). BNSF does not argue that Continental failed to plead a Carmack claim—it argues only that the Rules bar suit. *Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.,* 185 F. Supp. 2d 1103, 1111 (C.D. Cal. 2001) ("The use of alternative terms does not negate the application of the Carmack Amendment; rather, the use of alternative terms is seen as a type of affirmative defense that a rail carrier may assert against a claim for damages under the Carmack Amendment."). But a term of this kind binds a shipper only on "reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice"—a question the Court cannot answer on this record. *Comsource Indep. Foodservice Cos. v. Union*

ORDER - 6

*Pac. R.R. Co.*, 102 F.3d 438, 443–44 (9th Cir. 1996). Nothing in the complaint or its exhibits shows the Rules were imposed on AFL that way, and the Rules appear only in a declaration filed with the motion. *See* Dkt. No. 11-1.

Second, the Rules do not clearly exclude AFL in any event. As Continental points out, Dkt. No. 18 at 5–6, they use "Shipper" in two ways that do not fit together: the claim provision limits suit to "the party indicated on the BNSF price authority and paying BNSF for the rail transportation," Dkt. No. 11-1 at 10, while the definitions section describes the "Shipper" more broadly to include the "beneficial owner" of the goods, *id.* at 13. BNSF says the narrower definition controls. That may be right, but it is a disputed reading of the contract, which the Court construes in Continental's favor at this stage. So read, the Rules do not clearly place AFL—alleged to own the Cargo—outside every definition of "Shipper."

### 4. CONCLUSION

Accordingly, the Court orders as follows:

1. BNSF's motion to dismiss is GRANTED in part and DENIED in part. Continental's negligence and breach of contract claims are dismissed. The Carmack Amendment claim survives dismissal. Dkt. No. 10.

2. Because the Carmack Amendment claim survives, Continental's request for leave to amend is DENIED as moot. Dkt. No. 18.

Dated this 2nd day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 7